AMERICAN CAMPING ASSOCIATION, INC., and New Hampshire Camp Directors Association, Inc., Plaintiffs,

v.

Robert P. WHALEN, M.D., as Commissioner of the Department of Health of the State of New York, et al., Defendants.

No. 78 Civ. 2676.

United States District Court, S.D. New York.

Jan. 14, 1983.

Stolz, Goldfine & Stolz, New York City (Milton Shalleck, New York City, of counsel), Gainsburg, Gottlieb, Levitan & Cole, New York City (Samuel Gottlieb, New York City, of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of the State of New York, New York City (Andrea G. Iason, Asst. Atty. Gen., New York City, of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge.

At issue is Article 14 of the New York State Public Health Law, § 1400, *et seq.* Plaintiffs American Camping Association, and New Hampshire Camp Directors Association, Inc. instituted this action in 1978 to declare unconstitutional New York State's then newly enacted legislation setting limits on the right of out-of-state camps to advertise in the State of New York. Upon plaintiffs' motion, a preliminary injunction was granted on December 19, 1978 restraining enforcement of the legislation. *American Camping Association, Inc. v. Whalen,* 465 F.Supp. 327 (S.D.N.Y.1978). Familiarity with that opinion is presumed. Thereafter the legislature amended the law. The defendants, the Department of Health of the State of New York, its Commissioner, and other related public officials now demand summary judgment dismissing the complaint as it addresses the amended legislation.

Article 14, in essence, prohibits an out-of-state camp from advertising or soliciting enrollments in New York unless it has filed both an extensive disclosure statement as to its facilities and a "short form disclosure statement."[1] Moreover, it compels a participating out-of-state camp to furnish a copy of its short form disclosure statements to parents[2] of prospective campers prior to "the mailing or delivery of enrollment application forms and/or enrollment contract forms."[3] In addition, an out-of-state camp is required both to submit to suit in the courts of New York, and in the event of a "material false statement" in the disclosure statement, to be subject to the right in its campers to demand rescission of their camping agreement and to recover all monies paid regardless of actual performance by

---

1. Section 1401 states, in pertinent part:

    No children's camp shall engage in any public solicitation for applications, for deposits for, or contracts for the purpose of enrollment, or advertise or cause to be advertised within the state, or otherwise solicit enrollments, or *accept or make any contract of* enrollment for any child residing in the state for any children's camp located without the state unless prior to such solicitation, advertisement, or acceptance of a contract or deposit for the purpose of enrollment there shall have been filed annually with the department of health a disclosure statement and a short form disclosure statement as defined in section fourteen hundred of this article.

    N.Y.Pub.Health L. § 1401.

2. In this opinion I utilize the statutory definition of "parent": basically anyone contracting to send a child to camp. N.Y.Pub.Health L. § 1400(4).

3. Section 1402 now states, in pertinent part:

    A copy of the short form disclosure statement shall be mailed or delivered by the owner, director or other person soliciting the enrollment of a child residing within the state for any children's camp located without the state to the parent or guardian of such child. Such disclosure statement may accompany any literature or solicitation material mailed or delivered to such parent or guardian, but in no event, shall such disclosure statement be mailed or delivered to such parent or guardian *later than the mailing or delivery of* enrollment application forms and/or enrollment contract forms.

    N.Y.Pub.Health L. § 1402(1).

the camp.[4] This new remedy would be available in addition to existing common law remedies available to a disappointed camper.[5]

Camps located within New York State, although they must be inspected and obtain a permit, need not file a disclosure statement nor are they obligated to furnish such a statement to the parents of prospective campers.[6] New York camps are not subject to the statutory rescission and recovery remedy available against out-of-state camps for a misrepresentation.

■ At the outset, defendants attack the standing of the plaintiff associations to assert their members' claims. I find, however, that plaintiffs have standing to maintain this action. *See, Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* at 343, 97 S.Ct. at 2441.)

■ Turning to the substantive issues, I conclude that two constitutional principles control the resolution of defendants' motion. First, pursuant to its power to protect the health of its citizens, a state generally may require a camp to make adequate disclosure about its facilities to all persons who are solicited to enroll a child, *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 70

S.Ct. 927, 94 L.Ed. 1154 (1950), as long as the state does not discriminate between camps located within and without the state. *Hunt v. Washington State Apple Advertising Commission, supra.* Second, as a general matter, a state may not prohibit truthful advertising within its borders of a service available in another state where that service is lawful within the other state. *Bigelow v. Virginia,* 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). Thus as to matters of interstate commerce, a state must deal even-handedly with both its own citizens and citizens of other states. As to First Amendment concerns, an even more exacting burden is placed on the state. As was stated in *Central Hudson Gas & Electric v. Public Service Commission,* 447 U.S. 557 (1980) at 566, 100 S.Ct. 2343 at 2351, 65 L.Ed.2d 341:

At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we must ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

■ While the governmental interest here is substantial, its interest is *not* in *prohibiting* the advertising. It cannot be argued that the government has a right to prohibit its citizens from learning of these camps. What the government *does* have as

4. Section 1405 states, in pertinent part:

Any person who has entered into a contract and enrolls a child in a children's camp located without the state of New York where a solicitation has been made by the use of a material false statement or in the failure to reveal material facts shall have the right to seek rescission of such contract and recover any moneys paid whether or not any performance has been rendered under any such contract . . . .

Such relief shall be in addition to any other relief which may be sought by a party either in law or equity.

N.Y.Pub.Health L. § 1405(2), (3).

5. Conceivably this could be an entire summer's camp fee regardless of the seriousness of the misrepresentation, and even if the child has attended and been instructed, fed and housed the entire summer. Further, such relief would presumably be equally available to all enrollees at the camp that summer, thus presenting the camp with the possibility of losing an entire summer's revenue.

6. A New York camp need only (1) inform a parent that it is required to be licensed, and be inspected twice yearly, and (2) state where the inspection reports are filed.

its interest is to assure proper disclosure to a parent before enrollment of a camper in order to protect the camper's health.[7] As I see it that interest is not furthered by the statute's conditional restriction of advertising, *i.e.*, by the restriction of commercial speech otherwise protected by the First Amendment. That interest can be adequately furthered by the disclosure requirement alone. The restriction being therefore more extensive than necessary, it must fall under *Central Hudson Gas & Electric, supra,* as well as *Bigelow v. Virginia, supra.*[8]

██ I find, in addition, that both the disclosure requirement and the statutory remedy provision are constitutionally invalid insofar as they burden interstate commerce and discriminate against out-of-state camps. When state legislation directed at matters of local concern, such as citizen's health, "comes into conflict with the Commerce Clause's overriding requirement of a national 'common market,' [the court is] confronted with the task of effecting an accommodation of the competing national and local interests." *Hunt v. Washington State Apple Advertising Commission, supra,* 432 U.S. at 350, 97 S.Ct. at 2445.

The sections under review on their face discriminate against out-of-state camps in favor of local camps. The latter need not attach disclosure documents to their enrollment materials (obviously involving annual expense in the preparation and printing), nor are they subject to the draconian statutory remedy. Out-of-state camps, of course, are burdened by both.

██ Where, as here, a statute imposes a restriction on the access of out-of-state sellers to in-state buyers, "the burden falls on the state to justify it both in terms of the local benefits flowing from the statute and the unavailability of nondiscriminatory alternatives adequate to preserve the local interests at stake." *Id.,* 432 U.S. at 353, 97 S.Ct. at 2446. In this instance, the state has failed to meet that burden.

Since the foregoing sections constitute the essence of the legislative program, I am constrained to conclude that Article 14 of the New York Public Health Law is invalid as violative of the First Amendment and the Commerce Clause. A motion for summary judgment being one that searches the record, *Lowenschuss v. Kane,* 520 F.2d 255, 261 (2d Cir.1975), summary judgment is granted to the plaintiffs permanently restraining enforcement of Article 14. Defendants' motion to dismiss is denied.

Submit order on notice effectuating the foregoing.

---

**7.** One notes that in one major respect the legislation fails of its purpose, for it appears that full compliance with Article 14 by an out-of-state camp gives no assurance to the Department of Health or a parent that that camp would pass a New York State inspection.

**8.** I note that the Supreme Court itself makes the distinction between impermissible commercial speech that may be totally banned and permissible speech to which conditions are sought to be attached. *Friedman v. Rogers,* 440 U.S. 1, 10 n. 9, 99 S.Ct. 887, 894 n. 9, 59 L.Ed.2d 100 (1979); *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771 n. 24, 96 S.Ct. 1817, 1830 n. 24, 48 L.Ed.2d 346 (1976).